IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| | |
|---|---|
| GARON L. McGLATHERY, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>CORIZON, INC., et al, )<br>)<br>    Defendants. ) | CIVIL ACTION NO.<br>2:12cv200-MHT<br>(WO) |

OPINION AND ORDER

Plaintiff Garon L. McGlathery brought state-law claims
of medical liability and negligence and an Eighth
Amendment deliberate-indifference claim, as enforced by 42
U.S.C. § 1983, against the following defendants: Corizon,
Inc., Correctional Medical Services, Inc., Doctor Gregory
Nayden, and Warden Freddie Butler.  McGlathery initially
filed suit in Montgomery County Circuit Court, but Corizon
removed the case to this federal court in the Middle
District of Alabama.  The case is now before this court on
Corizon's motion to transfer to the United States District

Court for the Northern District of Alabama.  For the reasons that follow, the motion will be granted.*

Pursuant to 28 U.S.C. § 1404, a district court may transfer a civil action to any other district in which it might have been brought for "the convenience of parties and witnesses, in the interest of justice."  Because federal courts normally accord deference to a plaintiff's choice of forum in ruling on motions to transfer, the burden is on the movant to show that the suggested forum

---

* While McGlathery alleged that he and one of the defendants are Alabama residents" and thus while there is some question whether this court had diversity jurisdiction at the time of removal, McGlathery has filed an amended complaint that added an Eight Amendment claim. Thus, this court now has federal-question jurisdiction over this case. See Grubbs v. General Electric Credit Corp., 405 U.S. 699 (1972) (holding that if jurisdiction existed at the time of judgment, improper removal count not be raised for the first time on appeal); Cotton v. Massachusetts Mutual Life Insur. Co., 402 F.3d 1267, 1280 (11th Cir. 2005) (explaining how an amended complaint can create jurisdiction even if it did not exist at the time of removal); Barbara v. New York Stock Exchange, Inc., 99 F.3d 49, 55-56 (2d Cir. 1996) ("A federal appellate court will not remand a case to state court ... if the federal district court would have had subject matter jurisdiction if the suit had been filed in federal court in the posture it had at the time of the entry of final judgment.").

is more convenient or that litigation there would be in the interest of justice. <u>In re Ricoh Corp.</u>, 870 F.2d 570, 573 (11th Cir. 1989) (per curiam). However, a district court has "broad discretion in weighing the conflicting arguments as to venue." <u>England v. ITT Thompson Industries, Inc.</u>, 856 F.2d 1518, 1520 (11th Cir. 1988). A court faced with a motion to transfer must engage in an "individualized, case-by-case consideration of convenience and fairness." <u>Stewart Organization, Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988).

Resolution of a transfer motion requires a two-step process. First, the court must determine whether the action could "originally have been brought in the proposed transferee district court." <u>Folkes v. Haley</u>, 64 F. Supp. 2d 1152, 1155 (M.D. Ala. 1999) (DeMent, J.). Then, the court "must decide whether the balance of convenience favors transfer." <u>Id</u>. Factors to consider when making this second determination include:

> "(1) the convenience of the witnesses;
> (2) the location of relevant documents

3

and the relative ease of access to
sources of proof; (3) the convenience of
the parties; (4) the locus of operative
facts; (5) the availability of process
to compel the attendance of unwilling
witnesses; (6) the relative means of the
parties; (7) a forum's familiarity with
the governing law; (8) the weight
accorded a plaintiff's choice of forum;
and (9) trial efficiency and the
interests of justice, based on the
totality of the circumstances."

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th

Cir. 2005). As McGlathery concedes this case could have

been brought in the Northern District of Alabama, the sole

question is whether the balance of these factors militates

in favor of a transfer.

This case arises from alleged misconduct at the

Hamilton Correctional Facility in Marion County, which is

located in the Northern District of Alabama. The "locus

of operative facts," therefore, is in the proposed

transferee district. The witnesses and documents are also

in the Northern District. Moreover, the Northern District

is more convenient for the parties, given that all the

attorneys in this case work out of Birmingham or

4

Huntsville.  While McGlathery presumably has less financial means than the defendants do, this factor cannot logically support keeping the case in this court, since McGlathery himself resides in the Northern District.  The court concludes that the Northern District of Alabama is the forum that most advances trial efficiency and the interests of justice.

The sole reason to hear this case in the Middle District is that it is the federal forum to which this case was removed by Corizon.  The normal heft of the plaintiff's choice is lessened in this case; because the Middle District is not McGlathery's "home forum," the "presumption in the plaintiff's favor applies with less force, for the assumption that the chosen forum is appropriate is then less reasonable."  Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430 (2007) (internal quotation marks omitted).  Indeed, McGlathery admits that he filed this case in the Montgomery County Circuit Court rather than in Marion County because he interpreted an

Alabama venue statute to require that suits involving state prisons be filed in Montgomery County. Regardless of whether McGlathery correctly interpreted Alabama's venue statute, a defendant may move to transfer after removal. <u>Hollis v. Florida State University</u>, 259 F.3d 1295, 1296 (11th Cir. 2001) (holding that "[u]pon removal the question of venue is governed by federal law, not state law").

\* \* \*

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that the motion to transfer (Doc. No. 8) filed by defendant Corizon, Inc., is granted and this lawsuit is transferred in its entirety to the United States District Court for the Northern District of Alabama.

The clerk of the court is DIRECTED to take appropriate steps to effect the transfer.

This case is closed.

DONE, this the 30th day of March, 2012.

    /s/ Myron H. Thompson    
UNITED STATES DISTRICT JUDGE